**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

STUART E. KNIGHT,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,
*sued as Frank Bisignano, Commissioner of the Social Security Administration,*

Defendant.

Cause No. 1:25-cv-00058-PPS

**OPINION AND ORDER**

Plaintiff Stuart E. Knight brought this suit to contest a denial of disability benefits by Defendant Commissioner of Social Security ("Commissioner"). [DE 1.] On November 18, 2025, the Court granted the Commissioner's motion for reversal with remand and remanded the case for further proceedings. [DE 27.]

Knight's counsel, Jason Rodman and Randal Forbes of Forbes Rodman P.C. ("Counsel"), now moves pursuant to 42 U.S.C. § 406(b) for the Court's authorization of attorney fees in the amount of $23,130.72. [DE 34.] Counsel acknowledges that if fees are awarded under § 406(b), Counsel must refund to Knight the $12,100.00 in attorney fees Counsel previously collected under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. [DE 34 at 3.] The Commissioner filed a response, stating that he does not support or oppose Counsel's fee request. [DE 36.] For the following reasons, the motion for attorney fees will be GRANTED.

***A. Factual and Procedural Background***

On February 6, 2025, Counsel entered into a fee agreement with Knight for their representation of Knight in federal court, in which Knight agreed to pay Counsel 25 percent of any past-due benefits awarded to him. [DE 34-1.][1]

On February 11, 2025, Knight filed the instant action with this Court, appealing the Commissioner's denial of his application for disability benefits. [DE 1.] As stated earlier, on November 18, 2025, the Court granted the Commissioner's motion for reversal with remand and remanded the case for further proceedings. [DE 27.]

On January 26, 2026, the Court ordered an award of attorney fees under the EAJA for $12,100.00. [DE 33.] On September 24, 2026, the Commissioner sent Knight a notice of award, stating that he was found disabled as of December 6, 2021, and was entitled to monthly disability benefits beginning June 2022. [DE 34-5 at 2.] The Commissioner also informed Knight that he was entitled to $92,522.90 in past-due benefits. [*Id.* at 3.]

On October 11, 2026, Counsel filed the instant motion pursuant to § 406(b), together with supporting documents, seeking the Court's approval of an award of $23,130.72 in attorney fees. [DE 34.]

***B. Legal Standard***

Fees for representing Social Security claimants, both administratively and in federal court, are governed by 42 U.S.C. § 406. *Gisbrecht*, 535 U.S. at 793-94. Section 406(a) controls fees for representation in administrative proceedings, and § 406(b)

---

[1] The most common fee arrangement between attorneys and social security claimants is the contingent fee agreement. *Gisbrecht v. Barnhart*, 535 U.S. 789, 800 (2002).

controls attorney fees for representation in court. *Id*. Unlike fees obtained under the EAJA, the fees awarded under § 406 are charged against the claimant, not the government. *Id*. at 796.[2] Under § 406(a), an attorney who has represented a claimant may file a fee petition or fee agreement with the Commissioner to receive fees for his or her representation at the administrative level. *Gisbrecht*, 535 U.S. at 794-95; 20 C.F.R. §§ 404.1725(a), 416.925(a).[3] Under § 406(b), an attorney who has successfully represented a claimant in federal court may receive "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . ." 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 795.[4] This 25 percent cap applies only to fees for court representation and not to the aggregate fees awarded under §§ 406(a) and (b). *Culbertson v. Berryhill*, 139 S. Ct. 517, 523 (2019).

As to contingent fee agreements, "Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within [that] boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht,* 535 U.S. at 807 (citation and footnote omitted). "Courts that approach fee determinations by looking first to the contingent-fee agreement, then

---

[2] The EAJA is a fee-shifting statute wherein the government pays attorney fees to a prevailing party when the government's position was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A).

[3] There are, however, limits on the amount that the Commissioner can award pursuant to § 406(a). *Gisbrecht*, 535 U.S. at 795.

[4] "Collecting or even demanding from the client anything more than the authorized allocation of past-due benefits is a criminal offense." *Gisbrecht*, 535 U.S. at 796 (citing 42 U.S.C. §§ 406(a)(5), (b)(2); 20 C.F.R. §§ 404.1740-1799).

testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved." *Id.* at 808 (citations omitted). "[A] petition for fees under § 406(b)(1) must be brought within a reasonable time." *Smith v. Bowen*, 815 F.2d 1152, 1156 (7th Cir. 1987).

Section § 406(b) has been harmonized with the EAJA. *Gisbrecht*, 535 U.S. at 796. Although fee awards may be made under both the EAJA and § 406(b), a claimant's attorney must refund to the claimant the amount of the smaller fee that the attorney received, as an EAJA award "offsets" an award under § 406(b). *Id.*

***C. Legal Analysis***

The Court is charged with determining whether Counsel's requested fee of $23,130.72 under the fee agreement and § 406(b) is "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits . . . ." 42 U.S.C. § 406(b)(1)(A).

First, this amount is not in excess of 25 percent of the total past-due benefits. The past-due benefits awarded total $92,522.90, and 25 percent of $92,522.90 is $23,130.73. Thus, the requested fee of $23,130.72 is not in excess of 25 percent of the past-due benefits.

Counsel contends that the requested fee award of $23,130.72 is reasonable due to the contingent nature of the representation, the successful result achieved, and the amount of time worked on the case. [DE 34 at 4-5.] Counsel obtained a good result for Knight, as the Commissioner remanded the case for further proceedings and ultimately awarded Knight benefits. *See Gisbrecht*, 535 U.S. at 808 (acknowledging that courts

consider in § 406(b) fee requests the character of the representation and the results the representative achieved).

The risk of loss the attorney assumes in representing the plaintiff is another factor some courts consider when assessing the reasonableness of the requested fee. "[T]here is a great risk of loss in social security disability appeals at the district court level because a substantial evidence standard of review governs rather than a de novo standard. The risk of loss is also greater in social security cases because there are no settlements." *Hussar-Nelson v. Barnhart*, No. 99 C 0987, 2002 WL 31664488, at *3 (N.D. Ill. Nov. 22, 2002); *see Crawford v. Astrue*, 586 F.3d 1142, 1152 (9th Cir. 2009) ("The attorneys assumed significant risk in accepting these [Social Security] cases, including the risk that no benefits would be awarded or that there would be a long court or administrative delay in resolving the cases." (footnote omitted)).

Lastly, Counsel's requested fee of $23,130.72 for 49.0 hours of attorney work and one hour of paralegal work, equates to an effective attorney rate of $469.61 per hour. [DE 34 at 5 n.1.] This rate falls well below the range of previous awards found reasonable in this district and the Seventh Circuit, and the Court finds the requested fee reasonable under the circumstances presented. *See Plummer v. O'Malley*, No. 1:23-CV-85-TLS, 2024 WL 4880436, at *2 (N.D. Ind. Nov. 22, 2024) (finding an effective hourly rate of $3,227.48 for attorney work to be reasonable and collecting cases finding hourly rates from $1,586.74 to $4,821.65 to all be reasonable).

Accordingly, the Court will grant Counsel's motion and authorize a § 406(b) fee award of $23,130.72. Given that the previously awarded $12,100 for EAJA attorney fees is the smaller of the two fees, Counsel must refund the $12,100 to Knight, as an EAJA award "offsets" an award under § 406(b). *Gisbrecht*, 535 U.S. at 796; *see also O'Donnell v. Saul*, 983 F.3d 950, 953 (7th Cir. 2020).

***D. Conclusion***

For the foregoing reasons, Counsel's motion for attorney fees pursuant to 42 U.S.C. § 406(b) [DE 34] is GRANTED in the amount of $23,130.72. Counsel is reminded of the duty to refund to Knight the $12,100.00 in EAJA attorney fees previously awarded.

SO ORDERED.

ENTERED: November 12, 2026.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT